UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Matthew Walker, *et al*,
   Plaintiff,

E & L TRANSFER, LLC, *and*       §
EDWARD J. TWEED                     §
                                          §
   Defendants/ Third-Party Plaintiffs,   §
                                          §
VS.                                           §    CIVIL ACTION NO. 4:15-CV-02428
                                          §
FISHER & PHILLIPS, LLP        §

   Third-Party Defendant.

## ORDER

E & L Transfer and Mr. Tweed ("E & L/Tweed") brought a Third-Party Complaint against their former counsel in this case, Fisher & Phillips. E & L/Tweed argue that Fisher & Phillips failed to fully and honestly disclose information concerning conflicts that arose during its representation of E&L/Tweed and thereby breached its fiduciary duty.[1]

On January 28 and 29, 2019, this Court held a non-jury trial in the above-entitled matter. During the proceeding, the Court received evidence and heard sworn testimony from Edward John Tweed (president of E & L Transfer), Stephen John Ropollo (regional managing partner for Fisher & Phillips in Houston), and Alia S. Wynne (former associate at Fisher & Phillips).

---

[1] In the alternative, E&L/Tweed pleaded breach of contract, unjust enrichment/quantum meruit, and promissory estoppel. At the close of evidence, F&P moved for judgment as a matter of law on all E&L/Tweed's claims. Doc. #161 at 172:4–9. The Court dismissed Plaintiff's unjust enrichment/quantum meruit and promissory estoppel claims as no evidence was presented to support such claims. *Id.* at 177:4–19. The Court took the breach of fiduciary duty and breach of contract claim under advisement. *Id.* at 202:19–25. Upon review of the law and the facts, the Court finds that the breach of contract claim fails. E&L/Tweed failed to show how F&P's performance violated the terms of either the Engagement Letter or Conflict Waiver.

Having considered the evidence, testimony and oral arguments presented during the trial, and applicable law, the Court now enters the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). The specific findings of fact and conclusions of law are set out below. Any finding of fact that should be construed as a conclusion of law is hereby adopted as such. Any conclusion of law that should be construed as a finding of fact is hereby adopted as such.

**Findings of Fact**

1. Mr. Edward John Tweed ("Tweed") is the president and owner of E&L Transfer, LLC ("E&L"), which he formed in 2004. Doc. #160 at 16:131–32; 17:8; 132:1–3.

2. E&L is in the trucking and logistics business and has operated in both California and Texas. Doc. #160 at 19–20.

3. On May 5, 2008, E&L retained Veritas Personnel Services, Inc. ("Veritas") to provide certain employee hiring and payroll services to E&L. Plaintiffs' Ex. 4; Defendant's Ex. 8.

4. A Client Agreement reflecting the relationship between E&L and Veritas was signed by Marcia Radel ("Radel") on behalf of Veritas and Tweed on behalf of E&L. Defendant's Ex. 8.

5. The Client Agreement contained mutual indemnification provisions between Veritas and E&L. Defendant's Ex. 8 at ¶¶ 22–25; Doc. #160 at 141:10–144:14.

6. Beginning in 2013, various lawsuits were filed against Veritas and/or E&L in the Southern District of Texas by employees who alleged violations of the Fair Labor Standards Act (collectively the "FLSA Litigation"). Doc. #160 at 213–14.

7. Fisher & Phillips ("F&P") represented Veritas and/or E&L in the FLSA Litigation. Doc. #160 at 213–14.

8. On August 21, 2015, Matthew Walker ("Walker"), on behalf of himself and others filed

2

this case as a collective action ("the Collective Action") against E&L/Tweed, alleging violations of the FLSA. Doc. #1; Doc. #160 at 144:25–145:9.

9. A summons was issued as to E&L/Tweed on August 24, 2015 and E&L/Tweed was served with the Collective Action on September 4, 2015. Plaintiffs' Ex. 163; Doc. #160 at 148:2–5.

10. On September 9, 2015, an amended complaint was filed in the Collective Action naming Veritas as an additional defendant. Doc. #5; Doc. #160 at 145:11–15.

11. On September 15, 2015, F&P associate Wynne sent a proposed engagement letter to represent E&L/Tweed and Veritas in the Collective Action. Plaintiffs' Ex. 85.

12. On September 16, 2015, Radel requested that the engagement letter be revised to reflect that E&L/Tweed and Veritas would split F&P's retainer 50/50 and that Veritas would be responsible for any liability for the Collective Action prior to January 1, 2015 and E&L/Tweed would take responsibility after January 1, 2015. Plaintiffs' Ex. 171; Doc. #160 at 153:3–25.

13. After receiving Radel's request, Wynne contacted Tweed by telephone to inform him of the 50/50 retainer fee arrangement proposed by Radel and to inform him that if he wanted to retain F&P to represent him in the Collective Action that he would be required to pay a retainer fee. Doc. #161 at 149:3–151:5.

14. On September 17, 2015, Tweed sent Wynne an email confirming their September 16th phone discussion about F&P's fees. Defendant's Ex.1. In this email, Tweed informed Wynne that it was his desire that F&P draft a document identifying Hire Ground/Veritas as Walker's employer in the Collective Action. *Id.*; Doc. #160 at 158:5–25.

15. Wynne replied that it appeared that Tweed intended to take a position that was adverse to Veritas and if Tweed wanted to retain F&P in the Collective Action that both he and Veritas would need to sign an agreement that specified the parties obligations and acknowledged

3

that they understood the existence of potential conflicts. Defendant's Ex. 1; Doc. #160 at 160:14–161:4.

16. On September 18, 2015, Tweed emailed Radel concerning attorney's fees stating that it "made sense to work together" on the Collective Action. Plaintiffs' Ex. 177. Tweed confirmed that he and Radel discussed apportioning F&P's retainer fee, legal fees, and the costs associated with the Collective Action. *Id.*; Doc. #160 at 153:3–25.

17. On September 29, 2015, Wynne emailed Tweed and Radel an Engagement Letter and a letter setting forth the terms of the joint representation of E&L/Tweed and Veritas, including the apportionment agreement and a disclosure of potential conflicts of interest and request for waiver of the same ("the Conflict Waiver"). Defendant's Ex. 2–4; Doc. #160 at 166:16–171:7; 172:1–177:7.

18. In the September 29, 2015 email, Wynne instructed E&L/Tweed and Veritas to read the Engagement Letter and Conflict Waiver carefully and recommended having another attorney review the agreements. Defendant's Ex. 3.

19. On October 1, 2015, Tweed responded concerning the Engagement Letter and Conflict Waiver stating: "The only issue I see is, should their [sic] be damages, Marcia and I agreed that E&L and I would be responsible for 50% of the damages after January 1, 2015. Veritas would be responsible for 100% of the damages prior to that date." Defendant's Ex. 5; Doc. #160 at 178:9–179:10.

20. Later the same day, Radel sent an email to Wynne with Tweed copied stating: "Ed and I just spoke and we are both in agreement to item 1, page 2 (Apportionment of Fees and Damages Related to the Lawsuit) of the Conflict Agreement." Defendant's Ex. 6; Doc. #160 at 181:17–182:6.

4

21. Tweed signed the Engagement Letter on October 2, 2015. Defendant's Ex. 9. Tweed confirmed with F&P that he signed the agreement and mailed a check for the retainer fee on October 2, 2015. Defendant's Ex. 6.

22. Tweed signed the Conflict Waiver on October 5, 2015 and returned it to F&P by email on October 6, 2015. Defendant's Ex. 2 & Ex. 6. Tweed attached the Conflict Waiver on the email and mailed the original to F&P the same day. Defendant's Ex. 6. Tweed testified that he did not have an attorney review the Conflict Waiver. Doc. #160 at 163:13–24.

23. Following the execution of the Engagement Agreement and Conflict Waiver, F&P filed Answers in the Collective Action on behalf of Veritas and E&L/Tweed. Doc. #32–34 (April 8, 2016).

24. Tweed communicated with F&P throughout their representation of him in the Collective Action. He testified that there was never a time that he tried to contact F&P where they would not answer him. Doc. #160 at 207:2–4.

25. In June 2016, Wynne, E&L/Tweed, and Veritas discussed potential settlement strategies over email. Plaintiffs' Ex. 190.

26. On August 5, 2016, F&P withdrew from representation of Veritas and E&L/Tweed in the Collective Action after Veritas notified F&P it would not continue to pay F&P's legal fees in the Collective Action. Doc. #45; Doc. #118, Ex. 1.

27. After F&P withdrew from representation, both Veritas and E&L/Tweed retained new counsel and ultimately settled the Collective Action on January 12, 2018. Plaintiffs' Ex. 197 & 199A.

28. On August 14, 2017, E&L/Tweed filed this Third-Party Action against F&P. Doc. #78.

**Conclusions of Law**

1. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §§ 1331 & 1367, as the claims

5

arise out of the same case and controversy over which the Court has original jurisdiction.

2. Venue is proper in the Southern District of Texas, pursuant 28 U.S.C. § 1391(b) because the parties transacted business in this judicial district and the events underlying this complaint occurred here.

3. To prevail on a breach-of-fiduciary-duty claim, a plaintiff must prove (1) the existence of the fiduciary relationship; (2) a breach of that duty by the attorney defendant; (3) that causes; (4) damages to the plaintiff. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App.—Austin, 2009) (citing *Floyd v. Hefner*, 556 F. Supp. 2d 617, 661 (S.D. Tex. 2008)). The first element of breach of fiduciary duty is satisfied by an attorney-client relationship. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002).

4. Breach of fiduciary duty by a lawyer "involves the 'integrity and fidelity' of an attorney and focuses on whether an attorney obtained an improper benefit from representing the client." *Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied) (quoting *Gibson v. Ellis*, 126 S.W.3d 324, 330 (Tex. App.—Dallas 2004, no pet.) (citing *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex. App.—Fort Worth 2002, pet. denied). "An attorney breaches his fiduciary duty when he benefits improperly from the attorney-client relationship by, among other things, subordinating his client's interest to his own, retaining the client's funds, engaging in self-dealing, improperly using client confidences, failing to disclose conflicts of interest, or making misrepresentations to achieve these ends." *Id.* (citing *Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)).

5. A claim for breach of fiduciary duty "requires allegations of self-dealing, deception, or misrepresentations that go beyond the mere negligence allegations in a malpractice action."

*Harrison v. Taft, Stettinius & Hollister, L.L.P.*, 381 F. App'x 432, 437–38 (5th Cir. 2010) (quoting *McMahan v. Greenwood*, 108 S.W.3d 467, 495 (Tex.App.—Houston [14th Dist.] 2003, pet. denied) (citing *Goffney v. Rabson*, 56 S.W.3d 186, 194 (Tex.App.—Houston [14th Dist.] 2001, pet. denied)).

6. E&L/Tweed failed to show self-dealing, deception, or misrepresentations necessary to support a breach of fiduciary duty claim.

7. E&L/Tweed did not show that F&P failed to disclose conflicts of interest. F&P disclosed potential conflicts between E&L/Tweed, and Veritas and E&L/Tweed signed the letter outlining the joint representation and potential conflicts. Both E&L/Tweed and Veritas had the option to have independent counsel review the documents before retaining F&P in the Collective Action. Both E&L/Tweed and Veritas discussed the content of the letter with F&P and both signed the letter disclosing the potential conflicts.

8. Furthermore, E&L/Tweed failed to show how F&P obtained an improper benefit from representing Veritas and E&L/Tweed. Both were clients of F&P in the previous FLSA Litigation where Veritas and/or E&L were defendants. *See supra* p. 2 ¶¶ 6, 7. The decision to split the cost of F&P's fees and to apportion liabilities in this case does not show an improper benefit received by F&P. Regardless of how the clients chose to pay their fees, F&P received the same payment. E&L/Tweed was unable to show any improper benefit that F&P received by representing both E&L/Tweed and Veritas.

9. Additionally, in order to prevail on a breach of fiduciary duty claim, the plaintiff must prove that the defendant's breach of their fiduciary duties proximately caused the plaintiff's damages. *Finger v. Ray*, 326 S.W.3d 285, 291 (Tex. App.—Houston [1st Dist.] 2010) (citing *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex.App.—Houston [1st

Dist.] 2003, no pet.)). The trier of fact must have some basis for understanding the causal link between the attorney's wrongful conduct and the injury. *Id.* at 292. E&L/Tweed failed to show how F&P's conduct caused injury to E&L/Tweed.

10. E&L/Tweed may have ultimately paid more for damages and fees in this case than it had in previous FLSA Litigation where Veritas and/or E&L were defendants (*supra* p. 2 ¶ 6). However, simply because E&L/Tweed incurred more expenses in the Collective Action than in previous litigation does not show that F&P engaged in any wrongful conduct that caused injury to E&L/Tweed.

11. Although E&L/Tweed may have been accustomed to Veritas indemnifying them in prior lawsuits, E&L/Tweed agreed that they would be covering at least half of the cost of this lawsuit. Furthermore, F&P did not represent Veritas or E&L/Tweed in the settlement of this case. What E&L/Tweed agreed to pay in damages for this case was not caused by F&P's representation of them.

12. Based upon the evidence presented in this case, E&L/Tweed did not provide the causal link between F&P's conduct and E&L/Tweed's alleged injury.

For the foregoing reasons, E&L/Tweed failed to prove breach of fiduciary duty. The Court hereby enters judgment in favor of F&P. All claims asserted by E&L/Tweed are dismissed as a matter of law. The Court hereby ORDERS that E&L/Tweed take nothing and each party shall bear its own costs. The is a FINAL JUDGMENT.

It is so ORDERED.

**AUG 27 2019**
Date

The Honorable Alfred H. Bennett
United States District Judge

8